IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kathleen Vanston,                           :
                    Petitioner              :
                                            :
    v.                                      :   No. 933 C.D. 2020
                                            :
Marian Community Hospital,                  :
Indemnity Insurance Company                 :
of North America and ESIS, Inc.             :
(Workers' Compensation Appeal               :
Board),                                     :
                    Respondents             :
                                            :
Marian Community Hospital and               :
Indemnity Insurance Company of              :
North America, and ESIS, Inc.,              :
                    Petitioners             :
                                            :
    v.                                      :   No. 947 C.D. 2020
                                            :
Kathleen Vanston (Workers'                  :
Compensation Appeal Board),                 :
                    Respondent              :   SUBMITTED:  April 12, 2021

BEFORE:    HONORABLE P. KEVIN BROBSON, President Judge
           HONORABLE MARY HANNAH LEAVITT, Judge (P.)
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                    FILED:  May 12, 2021

Kathleen Vanston (Claimant) petitions this Court for review of the August 31,
2020 order of the Workers' Compensation Appeal Board (Board), which affirmed
the decision of a workers' compensation judge (WCJ) reinstating Claimant's total
disability benefits, effective July 25, 2017.  The WCJ reinstated Claimant's total
disability benefits pursuant to *Protz v. Workers' Compensation Appeal Board (Derry*

*Area School District)*, 161 A.3d 827 (Pa. 2017) (*Protz II)*, which rendered the impairment rating evaluation (IRE) provisions in the Workers' Compensation Act (Act)[1] unconstitutional.[2]  The issue before this Court is whether the WCJ erred in reinstating Claimant's benefits on July 25, 2017, the date she filed her reinstatement petition.[3]

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

[2] A claimant who has received total disability benefits for 104 weeks must submit to an IRE, which is used to calculate the claimant's degree of impairment due to the compensable injury. *See* Section 306(a.3)(1) of the Act, 77 P.S. § 511.3(1), added by the Act of October 24, 2018, P.L. 714 (Act 111).  In *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406, 416 (Pa. Cmwlth. 2015) (*Protz I*), *aff'd*, 161 A.3d 827 (Pa. 2017), this Court held that former Section 306(a.2) of the Act, added by the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, repealed by Section 1 of Act 111, was an unconstitutional delegation of legislative power, as it provided that an IRE should be performed under the "most recent" version of the American Medical Association's Guides to the Evaluation of Permanent Impairment (AMA Guides).  *Protz I*, 124 A.3d at 416,  We directed that future IREs must utilize the Fourth Edition of the AMA Guides, the version in effect at the time Section 306(a.2) was enacted.  *Id.* at 417. The Supreme Court affirmed this Court in *Protz II* but struck down Section 306(a.2) in its entirety.

Act 111 reenacted the IRE provisions held unconstitutional in *Protz II*, with a few key differences.  Unlike former Section 306(a.2) of the Act, which specified that an IRE must be conducted pursuant to the most recent version of the AMA Guides, an IRE under Act 111 must utilize the Sixth Edition (second printing April 2009) of the AMA Guides.  Act 111 also lowered the threshold percentage of disability by which a claimant's disability status may be modified. Under former Section 306(a.2) of the Act, modification of disability status was appropriate if a claimant's total disability was less than 50%.  Section 306(a.3)(1) of Act 111 lowered this threshold to 35%.

[3] Marian Community Hospital, Indemnity Insurance Company of North America, and ESIS, Inc. (collectively, Employer) petitioned this Court for review of the Board's August 31, 2020 order in a separate matter docketed at 947 C.D. 2020.  The two cases were consolidated by a *per curiam* order of this Court dated October 22, 2020.  Employer does not challenge the reinstatement of Claimant's total disability benefits effective July 25, 2017, and Employer acknowledges Claimant's July 15, 2010 IRE predates Act 111.  Employer rejects, however, the conclusions of the WCJ and Board to the extent they may be construed as precluding Employer
**(Footnote continued on next page…)**

2

## I. Background

The facts underlying this matter are undisputed. Claimant began receiving total disability benefits following a December 21, 2006 work injury to her lower back and right shoulder. Reproduced Record (R.R.) at 42a, 67a. On November 4, 2010, Employer filed a petition to modify Claimant's disability status after a July 15, 2010 IRE assigned Claimant a whole-body impairment rating of 25%. *Id.* at 42a. The WCJ granted Employer's petition on March 8, 2011, and modified Claimant's disability status from total to partial disability, effective July 15, 2010. *Id.*; Certified Record (C.R.), Item No. 27. Claimant did not appeal this decision.

After the Supreme Court held Section 306(a.2) of the Act unconstitutional in *Protz II*, Claimant filed a petition seeking reinstatement of her total disability benefits. R.R. at 10a. In a decision circulated on October 20, 2017, the WCJ granted Claimant's petition and reinstated her total disability status, as of July 15, 2010, the date of Claimant's IRE. *Id.* at 49a. Employer appealed to the Board, arguing that Claimant was barred from seeking reinstatement of her total disability benefits because she failed to appeal the initial modification of her disability status. *Id.* at 51a-53a.

While Employer's appeal was pending before the Board, this Court decided *Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, 188 A.3d 599 (Pa. Cmwlth. 2018), in which we held that a claimant who had not challenged the initial modification of her disability status, but

from obtaining a new IRE under Act 111 and seeking a credit for partial disability payments made to Claimant from July 15, 2010, through July 25, 2017.

The instant appeal concerns whether Claimant's total disability benefits were properly reinstated on July 25, 2017. Whether Employer is entitled to a credit for previously paid partial disability based on a new IRE obtained under Act 111 is not an issue before this Court. Accordingly, we will not address it herein.

then sought reinstatement of total disability benefits under *Protz I* and *II*, was entitled to reinstatement as of the date she filed her reinstatement petition. Act 111 was enacted shortly thereafter. In light of the *Whitfield* decision, and the enactment of Act 111, the Board remanded the instant matter to the WCJ for additional fact-finding and conclusions of law. R.R. at 58a-59a.

Claimant testified at a May 13, 2019 remand hearing that she continues to suffer symptoms related to the December 21, 2006 work injury. *Id.* at 71a. She has undergone three surgeries involving her lower back, with the most recent taking place in December 2018. *Id.* Given the continued pain in her lower back and right shoulder, Claimant did not feel capable of resuming her pre-injury job as a phlebotomist. *Id.* at 68a, 74a.

In a decision circulated on August 26, 2019, the WCJ credited Claimant's testimony that she continued to be disabled by her work injury. *Id.* at 95a. As to the date Claimant's total disability benefits should be restored, the WCJ found that, under *Whitfield*, Claimant was only entitled to reinstatement of her total disability benefits as of the date she filed her reinstatement petition, July 25, 2017. *Id.* at 95a. The WCJ found that Act 111 was not applicable to "the within matter," as Claimant's work injury and the July 15, 2010 IRE pre-dated its enactment. *Id.* at 95a.[4] Claimant appealed to the Board, which affirmed. This appeal followed.[5]

---

[4] The WCJ circulated an amended decision on September 6, 2019, in which he approved Claimant's counsel fee agreement as fair and reasonable under the Act. R.R. at 109a.

[5] This Court's review is limited to determining whether the necessary findings of fact were supported by substantial evidence, constitutional rights were violated, or errors of law were committed. *Borough of Heidelberg v. Workers' Comp. Appeal Bd. (Selva)*, 928 A.2d 1006, 1009 (Pa. 2006). Where the issue presented involves a question of law, our standard of review is *de novo* and our scope of review is plenary. *Id.*

4

## II. Discussion

Claimant argues that reinstatement of her total disability benefits should be effective July 15, 2010, as the IRE upon which her benefit status was modified is constitutionally invalid and "should be treated as though it never existed . . . ." Claimant's Br. at 11. Claimant argues that *Whitfield* is distinguishable from the instant matter, as the claimant in *Whitfield* had exhausted her 500 weeks of partial disability benefits at the time she sought reinstatement of her total disability benefits. Claimant, to the contrary, was still within her 500-week period of partial disability when the Supreme Court decided *Protz II*, and her claim must be construed as "still pending" on that date. *Id.* at 14. Relying on *Dana Holding Corporation v. Workers' Compensation Appeal Board (Smuck)*, 232 A.3d 629 (Pa. 2020), Claimant asserts that her disability status must be reinstated as of July 15, 2010.

At the outset, we reject Claimant's argument that her claim was pending at the time *Protz II* was decided, and her reliance on *Dana Holding* is misplaced. The claimant in *Dana Holding*, David Smuck (Smuck), was in the midst of challenging the modification of his disability status before a WCJ when this Court issued its decision in *Protz I*, and his appeal of the WCJ's decision was pending before the Board when the Supreme Court decided *Protz II*. *Dana Holding*, 232 A.3d at 633. This Court had held that *Protz II* applied retroactively to invalidate IREs for "cases, such as this, where the underlying IRE was still being actively litigated when *Protz II* was issued."[6] *Id.* Therefore, Smuck's total disability benefits were appropriately reinstated as of the date of the unconstitutional IRE. *Id.* The Supreme Court affirmed and expressly limited the retroactive application of *Protz II* to "cases in

---

[6] *See Dana Holding Corp. v. Workers' Comp. Appeal Bd. (Smuck)*, 195 A.3d 635, 643 (Pa. Cmwlth. 2018), *aff'd*, 232 A.3d 629 (Pa. 2020).

which [*Protz II*] was raised during the course of ongoing litigation over an IRE determination." *Id.* at 636 (emphasis added).

Instantly, the record is clear that Claimant did not appeal the initial modification of her disability status on July 15, 2010, and she was not actively litigating this matter when the Supreme Court decided *Protz II*. Indeed, Claimant first challenged her partial disability status on July 25, 2017, approximately two months after *Protz II*. As Claimant did not raise the unconstitutionality of the July 15, 2010 IRE determination "during the course of ongoing litigation," *Dana Holding* is inapplicable and cannot form a basis for reinstating Claimant's benefits as of July 15, 2010.

Claimant's attempt at distinguishing *Whitfield* is likewise unavailing. In *Whitfield*, the disability status of claimant Paulette Whitfield (Whitfield) was modified following a June 13, 2006 IRE that assigned her a whole-body impairment rating of 44%. *Whitfield*, 188 A.3d at 602. Accordingly, as her percentage of whole-body impairment fell below the 50% threshold provided in former Section 306(a.2) of the Act, a WCJ modified Whitfield's disability status from total to partial. *Id.* Whitfield received her last payment of partial disability compensation in mid-July 2015. *Id.* On November 13, 2015, Whitfield filed a petition seeking reinstatement of total disability benefits under *Protz I*. *Id.* at 603. The WCJ denied Whitfield's petition on the grounds that *Protz I* did not expressly void all prior IREs or provide that it applied retroactively. *Id.* Whitfield appealed to the Board, which affirmed. *Id.*

On appeal to this Court, Whitfield argued for a retroactive application of *Protz I* and *II*, as the IRE upon which her change in disability status was premised had been declared unconstitutional and she had filed her reinstatement petition within

three years after the date of her most recent payment of compensation. *Id.* at 612. Given the facts of the case, however, we declined to treat the issue raised as "purely a question of retroactivity." *Id.* at 616. We noted that a reinstatement of benefits is governed by Section 413(a) of the Act,[7] which relevantly permits reinstatement of a claimant's workers' compensation benefits "upon proof that [her] disability has . . . recurred," provided that the reinstatement petition has been filed "within three years after the date of the most recent payment of compensation." *Id.* at 614. Critical to our analysis was the meaning of "disability" under Section 413(a) of the Act. *Id.* at 612.

While recognizing that the term disability was generally synonymous with a loss of earning power resulting from a work-related injury, we noted that it could also relate to a claimant's status. *Id.* Former Section 306(a.2) of the Act, for example, provided a method whereby a claimant's disability status could be modified from total to partial without regard to any change in her earning power. *Id.* Such was the situation for Whitfield, whose disability status was modified, not due to any change in her earning power, but rather by means of an IRE. *Id.* The legal effect of *Protz I* and *II* rendered Whitfield once again eligible for total disability benefits. *Id.* at 614. In that regard, we likened Whitfield's situation to that of a claimant seeking reinstatement of benefits under suspension, a status which acknowledges a continuing medical injury. *Id.* at 614-15.

Reinstatement of suspended benefits, however, requires a claimant demonstrate that the reasons for suspension no longer exist. *Id.* at 615. Although Whitfield testified before the WCJ that she was unable to work, and her employer presented no evidence to the contrary, the WCJ made no findings with regard to

---

[7] 77 P.S. § 772.

Whitfield's credibility and simply denied her reinstatement petition on the grounds that *Protz I* did not apply. *Id.* at 616. Accordingly, we vacated the Board's order affirming the WCJ and remanded the matter for the purpose of determining whether Whitfield's disability continued. *Id.* at 617. If the WCJ credited her testimony, Whitfield was entitled to reinstatement "as of the date she filed her [p]etition." *Id.* at 616. Our decision did not alter Whitfield's past status; it merely "**[gave] effect to [her] status as it existed at the time she filed her reinstatement petition**." *Id.* at 617 (emphasis added).

We arrived at the same conclusion in *White v. Workers' Compensation Appeal Board (City of Philadelphia)*, 237 A.3d 1225 (Pa. Cmwlth. 2020). In *White*, the claimant's disability status was modified from total to partial following a December 4, 2013 IRE which assigned her a whole-body impairment rating of 36%, resulting in a modification of her disability status from total to partial, pursuant to former Section 306(a.2) of the Act. *Id.* at 1226-27. The claimant did not appeal the modification of her disability status. *Id.* at 1227. Prior to the expiration of her 500 weeks of partial disability, the claimant sought reinstatement of total disability benefits, citing *Protz I*. *Id.* A WCJ granted the claimant's petition but failed to make any determination regarding the effective date of reinstatement. *Id.* The Board affirmed the reinstatement of benefits but modified the WCJ's decision to reflect that reinstatement was effective the date the claimant filed her reinstatement petition. *Id.* On appeal, we concluded that *Whitfield*, and not *Dana Holding*, controlled the date of reinstatement, as the claimant had not appealed the initial modification of her disability status and she was not in the process of litigating her reinstatement petition when we decided *Protz I*. *Id.* at 1231.

8

In the instant matter, in resolving Claimant's issue, we similarly seek to give effect to Claimant's status "as it existed at the time she filed her reinstatement petition." *Id.* Like Whitfield, Claimant's disability status was modified without regard to any change in her earning power pursuant to an IRE conducted under former Section 306(a.2) of the Act. Claimant did not appeal the initial modification of her disability status, and she was not actively litigating the July 15, 2010 IRE when the Supreme Court rendered Section 306(a.2) wholly unconstitutional in *Protz II*. Therefore, at the time Claimant filed her reinstatement petition, her disability status was comparable to that of a claimant seeking reinstatement of suspended benefits under Section 413(a) of the Act.

Based on the foregoing, we conclude that the WCJ correctly applied our holding in *Whitfield* and reinstated Claimant's total disability benefits as of July 25, 2017, the date she filed her reinstatement petition.[8] Accordingly, we affirm the Board.

_____
ELLEN CEISLER, Judge

---

[8] Recent unreported decisions of this Court have likewise concluded that the date a claimant's total disability benefits may be reinstated is controlled by his or her status as of the date a reinstatement petition is filed. *See Perillo v. Workers' Comp. Appeal Bd. (Extended Healthcare Servs., Inc. and State Workers' Ins. Fund)* (Pa. Cmwlth., No. 649 C.D. 2020, filed Mar. 3, 2021); *Burk v. Workers' Comp. Appeal Bd. (Sch. Dist. of Phila.)* (Pa. Cmwlth., No. 491 C.D. 2020, filed Dec. 22, 2020). This Court may cite its unreported panel decisions for their persuasive value. *See* Section 414 of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Kathleen Vanston, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 933 C.D. 2020 |
| | : | |
| Marian Community Hospital, | : | |
| Indemnity Insurance Company | : | |
| of North America and ESIS, Inc. | : | |
| (Workers' Compensation Appeal | : | |
| Board), | : | |
| Respondents | : | |
| | | |
| Marian Community Hospital and | : | |
| Indemnity Insurance Company of | : | |
| North America, and ESIS, Inc., | : | |
| Petitioners | : | |
| | : | |
| v. | : | No. 947 C.D. 2020 |
| | : | |
| Kathleen Vanston (Workers' | : | |
| Compensation Appeal Board), | : | |
| Respondent | : | |

# **O R D E R**

AND NOW, this 12ᵗʰ day of May, 2021, the August 31, 2020 order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

_____
ELLEN CEISLER, Judge